**Earl Oneal WILEMON, Appellant**

v.

**Rita Darlene WILEMON, Appellee.**

No. 10–95–106–CV.

Court of Appeals of Texas,
Waco.

Sept. 18, 1996.

Rehearing Overruled Oct. 23, 1996.

Susan Barilich, Dallas, for appellant.

John H. Jackson, Powell, for appellee.

Before McDONALD, C.J., (Retired), and CUMMINGS and VANCE, JJ.,

## OPINION

CUMMINGS, Justice.

Appellant, Earl Oneal Wilemon, appeals from an order of the 13th District Court, Navarro County, modifying a prior order in a Suit Affecting Parent–Child Relationship

(SAPCR). In five points of error Appellant alleges the trial court erred in: 1) modifying the custody order and the child support order without properly serving him with notice; 2) setting child support payments at $1,000 without sufficient evidence to support such amount; 3) failing to consider evidence in support of his Motion for New Trial; 4) failing to make proper findings as required by statute; and 5) entering the modification order because it lacked jurisdiction over the SAPCR.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Appellant and Appellee, Rita Darlene Wilemon, were divorced in 1981, and Appellee, the mother, was designated managing conservator of the parties' only child. In March 1993, Appellant and Appellee agreed to a change in the managing conservatorship, and Appellant, the father, was named managing conservator. In April 1994, Appellee filed her "Motion to Modify Prior Orders in Suit Affecting Parent–Child Relationship" in the 330th District Court of Dallas County, the county where the original divorce and custody proceedings had been held. Concurrently with her Motion to Modify, Appellee filed a Motion to Transfer the case to the 13th District Court of Navarro County. The 330th District Court transferred the case, and the 13th District Court ruled on and issued an order modifying the 1993 order in regard to custody and child support payments. It is from this order that Appellant appeals.

## II. POINTS OF ERROR

### A. Did the Trial Court Exercise Proper Jurisdiction over the SAPCR?

In his first and fifth points of error, Appellant contends the 13th District Court, the court to which the Motion to Modify was

transferred from the 330th District Court, lacked jurisdiction over the case to enter its order modifying child custody and increasing Appellant's child support obligation. Appellant first argues that the 13th District Court lacked jurisdiction because it did not give Appellant notice of the suit, and secondly, because the Motion to Modify was improperly transferred to the 13th District Court.

The Family Code[1] mandates that a court exercising continuing exclusive jurisdiction over a SAPCR is mandatorily required to transfer any subsequent SAPCR to the county where the child at issue has resided for six months or more. TEX.FAM.CODE ANN. § 11.06(b, c);[2] see also Arias v. Spector, 623 S.W.2d 312, 313 (Tex.1981) (language of the statute requires a mandatory transfer upon a timely filing of a Motion to Transfer to the county where the child has resided for six months or more). In the present case, the 330th District Court of Dallas County was the proper court of continuing and exclusive jurisdiction pursuant to TEX.FAM.CODE ANN. § 11.05(a).[3] Brines v. McIlhaney, 596 S.W.2d 519, 523 (Tex.1980) (orig. proceeding) (courts which originally award custody of child retain continuing jurisdiction over matters affecting the parent-child relationship, including modification of conservatorship and child support). Consequently, when Appellee filed her Motion to Transfer, which she properly supported with affidavit proof that the child had resided in Navarro County for six months or more, the 330th District Court was required to transfer not only Appellee's modification suit, but also its continuing exclusive jurisdiction over all suits affecting the Wilemons' child, to the 13th District Court of Navarro County. The effect of a court's transferring jurisdiction is that the "court to which a transfer is made becomes the court of continuing exclusive jurisdiction and all proceedings in the suit are continued as if it were brought there originally." TEX.FAM.

---

**1.** The Family Code underwent major reconstruction during the 74th Legislative Session in 1995. However, all textual citations and references are to the former Family Code sections.

**2.** Act of June 10, 1981, 67th Leg., R.S., ch. 355, § 1, 1981 Tex.Gen.Laws 942, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995

Tex.Gen.Laws 113, 282 (recodified as amended at § 155.201(b) (Vernon 1996)).

**3.** Act of June 19, 1993, 73rd Leg., R.S., ch. 970, § 2, 1993 Tex.Gen.Laws 4212, 4231, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex.Gen.Laws 113, 282 (recodified as amended at § 155.001(a) (Vernon 1996)).

CODE ANN. § 11.06(k).[4] Therefore, had the suit originally been filed in the 13th District Court, it would have commenced upon Appellee's filing of her Motion to Modify, TEX. R.CIV.P. 22, and the citation served on Appellant issued by the 330th District Court would be validly carried over to the 13th District Court as part of the standard procedure of notifying affected parties of a pending suit. TEX.R.CIV.P. 21; *see* TEX.FAM.CODE ANN. § 14.08(b)[5] (The Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification.). The record indicates that proper notice of the suit was served on Appellant by the 330th District Court pursuant to TEX.R.CIV.P. 106(b)(2). Appellant does not contend the alternative service by the 330th District Court was improper. *See* TEX.R.APP.P. 74(f). Appellant's only contention is that the *13th District Court* was required to serve him with notice. This contention is erroneous because the Motion to Modify, filed in the 330th District Court, was properly transferred. Appellant's first and fifth points of error are overruled.

## B. Did the Trial Court Abuse Its Discretion in Modifying Child Support?

In his second point, Appellant alleges the trial court erred in ordering him to pay $1,000 per month in child support when no evidence in the record supports such amount. In ordering child support payments, the trial court is to base the amount on the net resources of the parties and other applicable factors listed in the Family Code. TEX.FAM. CODE ANN. § 14.053(a).[6] The child support guidelines provide that an obligor-parent's child support obligation is to be a percentage of his monthly net resources depending on the number of children he is to support. *Id.* § 14.055(a),[7] § 14.055(b).[8] The Code further allows the trial court to go outside those guidelines, *id.* § 14.054,[9] as they are merely advisory. *Id.* § 14.052(a).[10] Once the trial court, after evaluating all the evidence, has made its determination as to the amount of the child support obligation, that ruling will not be disturbed unless a clear abuse of discretion is shown. *Thomas v. Thomas,* 895 S.W.2d 895, 896 (Tex.App.—Waco 1995, writ denied); *see also Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).

This Court has held that "legal- and factual-sufficiency claims are not independent grounds of error but are incorporated into a determination of whether the court abused its discretion." *Thomas,* 895 S.W.2d at 896; *see also In re Marriage of Driver,* 895 S.W.2d 875, 877 (Tex.App.—Texarkana 1995, no writ); *Wood v. O'Donnell,* 894 S.W.2d 555, 556 (Tex.App.—Fort Worth 1995, no writ); *In re Pecht,* 874 S.W.2d 797, 800 (Tex.App.—Texarkana 1994, no writ); *Mai v. Mai,* 853 S.W.2d 615, 618 (Tex.App.— Houston [1st Dist.] 1993, no writ); *Crouch v. Tenneco, Inc.,* 853 S.W.2d 643, 646–47 (Tex.

4. Act of June 10, 1981, 67th Leg., R.S., ch. 355, § 1, 1981 Tex.Gen.Laws 942, 943, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex.Gen.Laws 113, 282 (recodified as amended at § 155.206 (Vernon 1996)).

5. Act of June 15, 1985, 69th Leg., R.S., ch. 802, § 11, 1985 Tex.Gen.Laws 2841, 2844–45, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex.Gen.Laws 113, 282 (recodified as amended at § 156.004 (Vernon 1996)).

6. Act of June 14, 1989, 71st Leg., R.S., ch. 617, § 6, 1989 Tex.Gen.Laws 2030, 2036, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex.Gen.Laws 113, 282 (recodified as amended at § 154.061 (Vernon 1996)).

7. Act of June 18, 1993, 73rd Leg., R.S., ch. 766, § 9, 1993 Tex.Gen.Laws 2989, 2997, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex.Gen.Laws 113, 282 (recodified as amended at §§ 154.122 and 154.125 (Vernon 1996)).

8. Act of June 18, 1993, 73rd Leg., R.S., ch. 798, § 5, 1993 Tex.Gen.Laws 3169, 3171, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex.Gen.Laws 113, 282 (recodified as amended at § 154.125 (Vernon 1996)).

9. Act of June 14, 1989, 71st Leg., R.S., ch. 617, § 6, 1989 Tex.Gen.Laws 2030, 2037–38, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex.Gen.Laws 113, 282 (recodified as amended at § 154.123(a) (Vernon 1996)).

10. Act of June 19, 1993, 73rd Leg., R.S., ch. 970, § 6, 1993 Tex.Gen.Laws 4212, 4233, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex.Gen.Laws 113, 282 (recodified as amended at § 154.121 (Vernon 1996)).

App.—Waco 1993, writ denied); *but see In re Marriage of Chandler,* 914 S.W.2d 252, 253 (Tex.App.—Amarillo 1996, no writ) (Even though a trial court's decision regarding modification of child custody will not be reversed absent an abuse of discretion, the appellate court chose not to analyze the case under the abuse of discretion standard because the appellant had only challenged the legal and factual sufficiency of the evidence.). "The test for abuse of discretion is whether the trial court acted *without reference to any guiding rules or principles;* in other words, whether the act was arbitrary or unreasonable." *Worford,* 801 S.W.2d at 109. When there is some evidence of a substantive and probative character to support the trial court's decision, no abuse of discretion occurs. *Thomas,* 895 S.W.2d at 896 (citing *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied)).

■ The record contains testimony of Appellee as to Appellant's net resources. Appellee testified Appellant: 1) was 50% owner of an oil company from which he received a minimum of $5,000 in cash every month; 2) was a silent partner in a bail bond company; 3) had access to luxury cars; and 4) maintained an apartment complex. Testimony of the Wilemon's fifteen-year-old child substantiated Appellee's testimony as to the amount of cash Appellant received from the oil company. The child further testified that Appellant received other financial benefits due to his partial ownership of the oil company. We find that this uncontroverted testimony provides sufficient evidence of substantive and probative character on which the trial court could find that Appellant's net resources exceeded the $5,000 per month cash allowance he received as partial owner of the oil company. As the statutory guidelines suggest child support payments for one child

to be 20% of the obligor-parent's monthly net resources, TEX.FAM.CODE ANN. § 14.055(b),[11] we hold that the trial court did not abuse its discretion in ordering Appellant to pay $1,000 per month in child support.

■ Appellant argues that Appellee's testimony is not evidence of his net resources because it is hearsay. Assuming, *arguendo,* Appellee's testimony is hearsay, "Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." TEX.R.CIV.EVID. 802; *Farley v. Farley,* 731 S.W.2d 733, 736 (Tex.App.— Dallas 1987, no writ) (Inadmissible hearsay was sufficient evidence to support a default judgment for child support modification against former husband.). Because Appellant did not appear for the modification hearing, he did not object to Appellee's testimony.

■ Appellant further alleges that the trial court committed reversible error when it entered its modification order without requiring Appellee to furnish copies of tax returns, wage stubs, and financial statements as evidence of Appellant's net resources. "The court shall require the parties to furnish sufficient information to enable it to accurately identify the parties' net resources and their abilities to provide child support. The court should request copies of the last two years' tax returns, accompanied by financial statements of the parties, and current wage stubs."[12] The language of the statute clearly distinguishes between mandatory language ("The court *shall* require ...") and discretionary language ("The court *should* request ..."). *Id.* (emphasis added). Therefore, it was not mandatory that the trial court require Appellee to furnish copies of Appellant's past tax returns, financial statement, or pay stubs, and the trial court did not

---

11. Act of June 18, 1993, 73rd Leg., R.S., ch. 798, § 5, 1993 Tex.Gen.Laws 3169, 3171, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex.Gen.Laws 113, 282 (recodified as amended at § 154.125(b) (Vernon 1996)).

12. Act of June 14, 1989, 71st Leg., R.S., ch. 617, § 6, 1989 Tex.Gen.Laws 2030, 2036, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex.Gen.Laws 113, 282 (recodified as

amended at § 154.063 (Vernon 1996)). The new statute clarifies exactly what must be provided to the court. The statute now reads: "The court *shall* require a party to: (1) furnish information sufficient to accurately identify that party's net resources and ability to pay child support; and (2) produce copies of income tax returns for the past two year, a financial statement, and current pay stubs. TEX.FAM.CODE ANN. § 154.063 (Vernon 1996)" (emphasis added).

abuse its discretion in not requiring Appellee to furnish such documents, as other evidence of sufficient substantive and probative character existed to support the trial court's order. *See Stocker v. Magera*, 807 S.W.2d 753, 754 (Tex.App.—Texarkana 1990, writ denied); *Morris v. Morris*, 757 S.W.2d 466, 467 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (Trial court erred in failing to require party requesting child support modification to provide sufficient information, as mandated by statute, on which child support obligations could properly be determined; however, "sufficient information" was not defined as "tax returns, financial statements and pay stubs."). Based on the foregoing, Appellant's second point of error is overruled.

## C. Was the Trial Court Required to Hear Evidence in Support of Appellant's Motion for New Trial?

In his third point, Appellant alleges that the trial court erred in failing to hear evidence in support of his motion for new trial. Appellant cites *Hensley v. Salinas* for the proposition that the trial court is obligated to hear evidence which, if true, would entitle the movant to a new trial. 583 S.W.2d 617, 618 (Tex.1979). Appellant's argument presumes that the rule in *Hensley* is applicable to his situation. We find that it is not. The rule in *Hensley* pertains to motions for new trial when the movant was present at trial and since trial has discovered new evidence which, if known at trial, would have altered the outcome. *S & A Restaurant Corp. v. Leal*, 883 S.W.2d 221, 230 (Tex. App.—San Antonio 1994), *rev'd on other grounds*, 892 S.W.2d 855 (Tex.1995). Appellant was *not present* at trial; consequently, a default judgment was entered against him.

It has long been held that a defaulting party is entitled to a new trial only if he meets the requirements set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). There are three elements of the *Craddock* test. A defendant must: 1) show that failure to answer

was not intentional or the result of conscious indifference on his part; 2) set up a meritorious defense; and 3) show that the granting of a new trial will not unduly injure the plaintiff. *Id.* There is nothing in the record to indicate that Appellant sought to offer any evidence at the hearing for new trial which would satisfy the *Craddock* elements. Appellant only sought to present evidence which would contradict the order as to the amount of child support Appellant was directed to pay.

Absent circumstances requiring the granting of a new trial, the trial court has broad discretion in ruling upon a motion for new trial, and such ruling will not be overturned unless the trial court abused its discretion. *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding). As we previously held, Appellant received proper notification of the modification suit; therefore, we find that Appellant had ample opportunity to present this evidence at the modification hearing and that Appellant's failure to respond by either filing an answer or by appearing at the hearing forecloses Appellant's argument that he was entitled, as a matter of right, to an evidentiary hearing on his Motion for New Trial. Appellant's third point of error is overruled.

## D. Was the Trial Court Required to Make Fact Findings?

Appellant further attacks the order by contending the trial court erred in failing to make proper findings after its judgment. "[I]n any suit affecting the parent-child relationship ... *in which child support is contested* and the amount of support is set or modified by the court, on written request made or filed with the court *not later than 10 days after the date of the hearing* ..., the court shall [make findings relating to obligor-parent's net resources and application of the statutory child support guidelines]." TEX. FAM.CODE ANN. § 14.057 (emphasis added).[13] Appellant admits that his request for findings was not made within ten days of the

---

13. Act of June 19, 1993, 73rd Leg., R.S., ch. 970, § 7, 1993 Tex.Gen.Laws 4212, 4233, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex.Gen.Laws 113, 282 (recodified as amended at § 154.130 (Vernon 1996)).

modification hearing but that he made his request at the earliest possible time. The issue as to when Appellant made his request for findings is moot. Appellant neither answered the lawsuit nor attended the hearing; therefore, modification of child support was not *contested* and Appellant was not entitled to any findings. *See Harmon v. Harmon,* 879 S.W.2d 213, 216 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Appellant further contends the trial court was mandatorily required to make the requisite findings because it deviated from the statutory guidelines. Had the trial court strayed from the guidelines, it would be required to make the findings required by statute. TEX.FAM.CODE ANN. § 14.057(b).[14] However, as we have found that the trial court did not deviate from the statutory guidelines, no findings were required. Appellant's fourth point of error is overruled.

The order is affirmed.

**14.** Act of June 19, 1993, 73rd Leg., R.S., ch. 970, § 7, 1993 Tex.Gen.Laws 4212, 4233, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex.Gen.Laws 113, 282 (recodified as amended at § 154.130(a)(3) (Vernon 1996)).