TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00116-CV






Pamela Jean Thomas, Appellant



v.



Robert Lester Thomas, Jr., Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 155,473-D, HONORABLE MARTHA TRUDO, JUDGE PRESIDING 







 Appellant Pamela Jean Thomas challenges the order of conservatorship, support, and
possession incident to divorce rendered in a suit for divorce initiated by her former spouse, appellee Robert
Lester Thomas, Jr. We will modify the order and affirm it as modified.


THE DISPUTE


 Robert and Pamela were married October 13, 1994. A daughter, Caryn E. Thomas, was
born May 21, 1995, at Fort Hood, Texas. The parties separated on or about June 8, 1995, when Pamela
apparently took the child and went to her parents' home in Ohio. (1)

 On September 13, 1995, Robert petitioned the Bell County district court for a divorce,
asked that the parties and their infant daughter submit to blood testing to confirm his paternity, and also
asked that he be appointed managing conservator of the child. Pamela did not answer the suit or appear
in person or by attorney at a temporary hearing or at the trial on the merits. On November 2, 1995, the
trial court granted the divorce, named Robert managing conservator of the child, named Pamela possessory
conservator of the child, and ordered that Pamela pay Robert $186.85 monthly child support. 

 Pamela appeals from the trial court's November 2, 1995 order, complaining by three points
of error that the trial court abused its discretion by allowing Robert to amend his pleadings at trial, by
appointing Robert managing conservator, and by ordering her to pay an amount of child support based
upon factually insufficient evidence. 


ANALYSIS


 In her first point of error, Pamela complains that the trial court abused its discretion "in
allowing a trial amendment that was prejudicial on its face." She does not cite to a place in the record
where Robert either amended his pleadings or attempted to do so, and we find no such amendment. Robert
did not bring a new cause of action or seek a new remedy; he simply abandoned his request for paternity
testing. 

 Pamela argues in support of her complaint that she was somehow unfairly prejudiced by
Robert's abandonment of his parentage suit because his request to be named managing conservator was
contingent upon scientific proof of his paternity. (2) Pamela's argument seems to be that because Robert's
original petition requested that the parties and the child submit to the taking of a blood test for the purpose
of scientifically ascertaining his paternity, the court could not proceed with judgment in the absence of that
scientific determination. In effect, Pamela takes the position that so long as the tests were not performed
she did not risk his being appointed managing conservator. She claims his pleadings, therefore, did not give
her fair notice of the judgment that could be rendered. See Edward Feed Mill, Inc. v. Johnson, 311
S.W.2d 232 (Tex. 1958). She also contends that the court was required to order the tests. See Tex. Fam.
Code Ann. § 160.101(c) (West 1996). She does not, however, deny Robert's paternity.

 After Robert filed his petition, the court signed temporary restraining orders and set
hearings on temporary matters, including whether it should order blood tests. Pamela did not appear for
a temporary hearing or submit to blood testing and the temporary order signed September 22, 1995, did
not require blood tests. At the trial on the merits, Robert waived his request for blood tests, abandoned
any challenge, and admitted paternity. Once the issue of parentage was withdrawn, the trial court was not
required to order blood testing. See id. Further, the trial court may waive testing if the respondent fails
to appear or if the allegation of parentage is admitted. See id. at § 160.102(b).

 Because the child was born during the marriage, Robert was presumed to be the child's
father and had the burden to prove otherwise. Id. at § 151.002(a); 160.110(a). In the absence of proof
otherwise -- of which there was none -- the court was free to adjudicate the child's best interest and
did not err in doing so. Indeed, the trial court was required to appoint a managing conservator on final
hearing. Id. at § 153.005(a). Pamela has failed to demonstrate how the trial court abused its discretion
by proceeding on the merits. We overrule point of error one.

 The trial court ordered that Robert be appointed Caryn's managing conservator and that
Pamela be appointed possessory conservator. Pamela was also given extensive access and visitation rights
in a "standard possession order." The trial court order recites that these orders were in the best interest
of the child. In her second point of error, Pamela contends the trial court abused its discretion by
appointing Robert managing conservator of their child because the evidence was factually insufficient to
justify the appointment. 

 In determining conservatorship, possession, and access to the child, the trial court's primary
consideration is always the best interest of the child. Id. at § 153.002. The trial court has wide latitude in
deciding conservatorship matters and determining the best interest of the child. Gillespie v. Gillespie, 644
S.W.2d 449, 451 (Tex. 1982). We will reverse only when the record shows the trial court clearly abused
its discretion. Id.; Worford, 801 S.W.2d at 109. The test is not whether we agree with the decision but
whether the court acted unreasonably, arbitrarily, or without reference to any guiding principles. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986). Legal and factual sufficiency claims are not independent grounds of error but are incorporated into
a determination whether the court abused its discretion. Wilemon v. Wilemon, 930 S.W.2d 290, 293-4
(Tex. App.--Waco 1996, no writ). No abuse of discretion occurs when there is some evidence of a
substantive and probative character to support the trial court's decision. Id.

 Pamela contends that the trial court's failure to appoint her managing conservator was
arbitrary and unreasonable. She argues that she had been Caryn's sole caretaker and provider for the first
five months of Caryn's life; that Robert had seen Caryn for only a few hours at the time of trial; that Robert
questioned his paternity; and that Robert did not want her to have any possession of Caryn. (3)

 Robert is a member of the armed forces on active duty. He does not dispute Pamela's care
of Caryn but testified as to why he should be appointed to care for her. The record suggests that Pamela
was also in the service and would have received a general discharge for failing her physical fitness test but
due to her pregnancy was honorably discharged from the service shortly before the child's birth. Pamela
left Texas with Caryn when Caryn was two weeks old and was staying with her parents in Ohio when
Robert visited in early July; (4) the record does not reflect Pamela's living circumstances or employment, if
any, at the time of trial. Robert described the turmoil and fighting among Pamela's family precipitated by
his visit to Ohio to see Caryn. He recounted Pamela's attempts to keep him away from her family and from
Caryn, and how she abruptly made him leave after only a few days. He testified that Pamela's home was
not stable and he thought he could give Caryn a better home life than could Pamela. He described factors
that led him to distrust Pamela and gave rise to his question of paternity, but he also testified he loved Caryn
and wanted her to have the best and waived his request for testing because he believed it was in her best
interest. He stated, "I accepted her in the very beginning as my own and nothing has been shown to prove
that she's not mine . . . ." He also testified he was worried that Caryn would be "put in the middle" if they
both had custody and that Pamela might leave again with the child and he would be unable to find them.

 Although the evidence is limited, we cannot say that Pamela has demonstrated that the
evidence is factually insufficient to support the finding that Robert's appointment is in Caryn's best interest. 
Because there is sufficient competent evidence to support the trial court's determination that Caryn's best
interest would be served by appointing Robert her managing conservator, we cannot say that the trial court
abused its discretion. Gillespie, 644 S.W.2d at 451. We overrule point of error two.

 In her third point of error, Pamela argues that the trial court abused its discretion in ordering
child support payments in the amount of $186.85 because the evidence was factually insufficient to justify
the amount ordered. As noted, no abuse of discretion occurs when there is some evidence of a substantive
and probative character to support the trial court's decision. Wilemon, 930 S.W.2d at 293-4.

 Pamela admits that both parents have a duty to support their child and that the trial court
has discretion in setting the amount of support she should pay. She does not complain that the amount
ordered was excessive but instead complains that the record contains insufficient evidence concerning her
financial circumstances or ability to pay. 

 The record at trial does not contain evidence of Pamela's employment status, income, or
ability to pay support. Robert represented to the trial court that the amount he requested was based upon
her earnings from military service the year before her discharge. On appeal, he asks us to consider
documents brought up through the transcript, including her 1994 income tax return showing her wages while
in the service. But the documents were not offered or admitted in evidence and Robert did not testify to
the amount. We cannot affirm the judgment on the basis of documents not admitted in evidence. Vanscot
Concrete Co. v. Bailey, 862 S.W.2d 781, 783 (Tex. App.--Fort Worth 1993), aff'd, 894 S.W.2d 757
(Tex. 1995); Noble Exploration, Inc. v. Nixon Drilling Co., Inc., 794 S.W.2d 589, 592 (Tex.
App.--Austin 1990, writ denied). In the absence of evidence to support a higher payment, the trial
court must presume a party earns salary or wages equal to the federal minimum wage for a forty-hour week
and set the support order accordingly. Tex. Fam. Code Ann. § 154.068 (West 1996); In re Moss, 887
S.W.2d at 188. In light of the record, we hold the trial court abused its discretion by not applying this
presumption. We sustain point of error three. We modify the amount of Pamela's monthly child support
and order the sum set at $124.29. (5) 

 We modify the order of the trial court to set the amount of child support at $124.29 per
month, and, as modified, affirm the trial court's order.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Modified and, as Modified, Affirmed

Filed: August 14, 1997

Do Not Publish

1. The record reflects that there were contemporaneous legal proceedings filed in both Texas and
Ohio and that the judges of the respective courts were in communication. On appeal, Pamela does not
challenge the subject matter or personal jurisdiction of the Texas trial court.
2. We note that Robert's pleadings did not contain an express statement denying paternity as
required by Texas Family Code section 160.101(b). See Tex. Fam. Code Ann. §160.101(b) (West 1996).
3. Pamela does not contend that the parties should be appointed joint managing conservators. See
Tex. Fam. Code Ann. § 153.131(b).
4. At the beginning of the divorce hearing on the merits, the trial court made oral findings including
that Pamela had left the state with the intent to abscond with the child and that the child was wrongfully
removed from the state.
5. Under section 154.068, the court should have imputed to Pamela gross income at the federal
minimum wage of $4.25 for a forty-hour week over a year, or $736.66 monthly. Tex. Fam. Code Ann.
§ 154.068 (West 1996). Section 154.061 provides that gross income is reduced by the amount of taxes
to obtain net income. Id. at § 154.061. Pamela's monthly net income would therefore be $621.45. Then,
section 154.125 requires the court to presumptively apply the guidelines therein to determine the
percentage of net income that the obligor should pay. Id. at § 154.125. Pamela's child support payment
should be twenty percent of her net monthly income, or $124.29 per month.


e is some evidence of a substantive
and probative character to support the trial court's decision. Wilemon, 930 S.W.2d at 293-4.

 Pamela admits that both parents have a duty to support their child and that the trial court
has discretion in setting the amount of support she should pay. She does not complain that the amount
ordered was excessive but instead complains that the record contains insufficient evidence concerning her
financial circumstances or ability to pay. 

 The record at trial does not contain evidence of Pamela's employment status, income, or
ability to pay support. Robert represented to the trial court that the amount he requested was based upon
her earnings from military service the year before her discharge. On appeal, he asks us to consider
documents brought up through the transcript, including her 1994 income tax return showing her wages while
in the service. But the documents were not offered or admitted in evidence and Robert did not testify to
the amount. We cannot affirm the judgment on the basis of documents not admitted in evidence. Vanscot
Concrete Co. v. Bailey, 862 S.W.2d 781, 783 (Tex. App.--Fort Worth 1993), aff'd, 894 S.W.2d 757
(Tex. 1995); Noble Exploration, Inc. v. Nixon Drilling Co., Inc., 794 S.W.2d 589, 592 (Tex.
App.--Austin 1990, writ denied). In the absence of evidence to support a higher payment, the trial
court must presume a party earns salary or wages equal to the federal minimum wage for a forty-hour week
and set the support order accordingly. Tex. Fam. Code Ann. § 154.068 (West 1996); In re Moss, 887
S.W.2d at 188. In light of the record, we hold the trial court abused its discretion by not applying this
presumption. We sustain point of error three. We modify the amount of Pamela's monthly child support
and order the sum set at $124.29. (5) 

 We modify the order of the trial court to set the amount of child support at $124.29 per
month, and, as modified, affirm the trial court's order.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Modified and, as Modified, Affirmed

Filed: August 14, 1997

Do Not Publish

1. The record reflects that there were contemporaneous legal proceedings filed in both Texas and
Ohio and that the judges of the respective courts were in communication. On appeal, Pamela does not
challenge the subject matter or personal jurisdiction of the Texas trial court.
2. We note that Robert's pleadings did not contain an express statement denying paternity as
required by Texas Family Code section 160.101(b). See Tex. Fam. Code Ann. §160.101(b) (West 1996).
3. P