NO. 07-02-0401-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 7, 2003

_____

IN THE MATTER OF THE MARRIAGE OF
TRALEIA GRACELYNNE WING AND MIKE SCOT WING
AND IN THE INTEREST OF STORMY WHARTON WING,
LARAMIE MIKA WING AND TEX WILLOUGHBY WING, CHILDREN

_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 9805; HONORABLE RON ENNS, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

By this appeal from a Final Decree of Divorce following a bench trial, appellant Mike

Scot Wing presents two issues alleging the trial court erred in (1) admitting into evidence

a letter he had written to his children, and (2) setting the amount of child support.[1] Based upon the following rationale, the judgment is affirmed.

In April of 2001, appellee Traleia Gracelynne Wing filed an original petition for divorce seeking dissolution of her eleven year marriage to Mike. The trial court conducted a final hearing on the petition in May of 2002. In the Final Decree of Divorce, the court appointed Mike and Traleia joint managing conservators of the couple's three children, with Traleia having physical possession of them, and ordered Mike to pay child support in the amount of $850 per month. This appeal ensued. In our analysis, we will consider Mike's issues in logical rather than sequential order.

By his second issue, Mike contends the trial court erred in setting the amount of child support. He complains the child support order places him in a posture which will make it difficult, if not impossible, for him to comply. We disagree.

Because Mike did not request findings of fact, we presume the trial court made all the necessary findings to support the judgment. *See* Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). We will uphold the judgment on any legal theory that supports the findings. *See* Allen v. Allen, 717 S.W.2d 311, 313 (Tex. 1986).

---

[1]In his appellate brief, Mike identified three issues for review. At oral arguments, however, he waived the third issue.

A trial court's ruling on child support will not be reversed on appeal unless the ruling is shown to be a clear abuse of discretion. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). The test for abuse of discretion is whether the court acted without reference to guiding rules and principles; in other words, whether the act was arbitrary or unreasonable. *Id.* In making this determination, we must view the evidence in the light most favorable to the trial court's actions and indulge in every legal presumption in favor of the judgment. Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex.App.–San Antonio 1995, writ denied). If there is some probative and substantive evidence to support the judgment, then there is no abuse of discretion. *See* Holley v. Holley, 864 S.W.2d 703, 706 (Tex.App.–Houston [1st Dist.] 1993, writ denied).

Mike contends the child support order is excessive in light of the 1999 joint and 2001 individual tax returns which were admitted into evidence at trial and which reflected he had negative income for those two years. Considering the 2000 joint income tax return filed by Mike and Traleia, however, the child support guidelines authorized the trial court to order Mike to pay $903.26 per month, assuming he was self-employed, and $963.77 if he had an employer. Tex. Fam. Code Ann. § 154.125(b) (Vernon 2002). Thus, there is some evidence of a substantive and probative character to support the trial court's decision to order Mike to pay child support in the amount of $850 per month. Wilemon v. Wilemon, 930 S.W.2d 290, 293 (Tex.App.–Waco 1996, no writ). The trial court, therefore,

3

did not abuse its discretion in entering such an order. Mike's second issue is overruled.

By his first issue, Mike contends the trial court erred in admitting into evidence a letter he had written to his children.[2] He maintains the letter, in which he referred to the trial judge in rather unflattering terms, was irrelevant to any issue at trial, and its probative value was substantially outweighed by its prejudicial effect. We disagree.

The admission and exclusion of evidence is committed to the trial court's sound discretion. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). To reverse a judgment based upon a claimed error in admitting or excluding evidence, a party must show the error probably resulted in an improper judgment. See Tex. R. App. P. 44.1(a). Typically, a successful challenge to a trial court's evidentiary rulings requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted. See Texas Dept. of Transp. v. Able, 35 S.W.3d 608, 617 (Tex. 2000).

We are not persuaded it was error for the trial court to admit the contested letter. When Mike objected to its admission, Traleia responded the letter was relevant because it demonstrated Mike's inability to accept responsibility for his actions. Relevant evidence

---

[2]Mike wrote the letter to his children from jail after the trial court found him in contempt of court for violating the temporary orders. He wrote, "[t]hey (Traleia, Troy, Betty and d—head Enns [the judge]) put me in this hell hole for loving you guys."

4

means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence. Tex. R. Evid. 401. Because Traleia sought a disproportionate share of the parties' estate based upon Mike's fault in the break up of the marriage, the letter was relevant to prove Mike's culpability. *See* Tex. Fam. Code. Ann. § 6.002 (Vernon 2002). Furthermore, having reviewed the contents of the letter, we cannot say its probative value was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. Thus, the trial court did not err in its admission. Issue one is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice