IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00021-CV

 

James Isaac Wise,

                                                                      Appellant

 

v.

 

Krystal Ann Wise,[1]

                                                                      Appellee

 

 



From the 1st District Court

Jasper County, Texas

Trial Court # 21818

 



MEMORANDUM 
Opinion



 

      This
appeal concerns child custody, child visitation, and child support.  We will affirm.

1.    Surrender of Child.  In Wise’s Issue 1, he contends that the trial
court erred in ordering that Wise surrender the child to Hubbard at Hubbard’s
residence at the end of each period of possession.  Wise contends that such an order is
prohibited by Texas Family Code Section 153.316, which provides that a child
possession order “shall provide that the possessory conservator shall surrender
the child to the managing conservator at the end of each period of possession
at the residence of the possessory conservator if . . . at the time
of the original order or a modification of an order establishing terms and
conditions of possession or access the possessory conservator and the managing
conservator lived in the same county . . . .”  Tex.
Fam. Code Ann. § 153.316(3)(B) (Vernon 2002).  Wise and Hubbard are joint managing
conservators; we assume without deciding that Section 153.316 applies to joint
managing conservators.  See Weldon v. Weldon, 968 S.W.2d 515,
516 n.2 (Tex. App.—Texarkana 1998, no pet.). 
As Wise cites the record, at the time of neither the original divorce
decree nor the modification thereof did Wise and Hubbard live in the same
county.  That condition not being met,
Section 153.316 does not apply.  We
overrule Issue 1.

2.    Summer Visitation.  In Wise’s Issue 2, he contends that the trial
court erred in ordering that Hubbard’s parents have possession of the child at
intervals during Wise’s period of summer visitation.  The standard possession order applicable to
this case provides that “the possessory conservator shall have possession of
the child for 42 days” of summer visitation. 
Tex. Fam. Code Ann.
§ 153.313(3)(A), (B) (Vernon 2002). 
We assume, again, without deciding that this statute applies to joint
managing conservators like Wise and Hubbard. 
The modification order provided that Hubbard’s parents “shall have the
right to possession of the child beginning at 9:00 a.m. on the third and fifth
Saturday of each month during James’ seven weeks of summer visitation and
ending at 6:00 p.m. on the following Sunday.” 
Hubbard contends that Wise waived this complaint by moving for
visitation by his parents.  Whether or
not Wise’s motion would have waived a complaint concerning his parents’
visitation, he does not complain of that; he complains of visitation by
Hubbard’s parents, he did not move for such visitation, and he did not waive
his complaint concerning it.  But the
record does not show that Wise received fewer than the forty-two days of summer
visitation required by the statute.  We
overrule Issue 2.

3.    Child Support.  In Wise’s Issue 3, he complains that the
trial court erred in modifying the amount of Wise’s child support.

3.    a. Trial by
Consent.  In Wise’s Sub-Issue 3a, he
contends that the trial court erred in modifying Wise’s child support without
pleadings by Hubbard.  By introducing
evidence of his resources, not relevant to any other issue, Wise consented to
trial of the amount of child support.  See Tex.
R. Civ. P. 67; Boyles v. Kerr,
855 S.W.2d 593, 601 (Tex.
1993).  We overrule Sub-Issue 3a.

3.    b. Sufficiency
of the Evidence.  In Wise’s Sub-Issue
3b, he contends that there was insufficient evidence for the trial court to
modify the amount of Wise’s child support. 
Wise argues that the court increased the support amount.  On the record before us, the court decreased
it from the $373.45 per month ordered in the divorce decree to the $250.00 per
month ordered in the modification order. 
In reviewing child support awards, sufficiency “claims are not
independent grounds of error but are incorporated into a determination of
whether the court abused its discretion.” 
Wilemon v. Wilemon, 930 S.W.2d
290, 293 (Tex. App.—Waco 1996, no writ). 
In the absence of findings of fact on the amount of child support, we
assume that the trial court made implied findings supported by the record.  In re
A.A.F., 120 S.W.3d 517, 518 (Tex. App.—Dallas 2003, no pet.).  Wise’s evidence was that his base salary was
$1,083.34 per week and that he received commissions in an indeterminate
amount.  The parties agree that the
presumptive amount of child support, calculated on Wise’s base salary alone, is
at least $192.33 per month.  See Tex.
Fam. Code Ann. § 154.061 & tax charts (Vernon 2002 & Supp.
2004); id. §§ 154.062, 154.125
(Vernon 2002).  The trial court did not
abuse its discretion in reducing Wise’s child support to $250 per month.  We overrule Sub-Issue 3b, and overrule Issue
3.

4.    Conservatorship and Exclusive Right to
Determine Primary Residence.  In
Wise’s Issue 4, he contends that the trial court erred in not appointing him
sole managing conservator or designating him as the conservator with the
exclusive right to determine the primary residence of the child.  See Act
of May 19, 1999,
76th Leg., R.S., ch. 936, § 2, 1999 Tex. Gen. Laws 3674, 3674
(amended 2003) (current version at Tex.
Fam. Code Ann. § 153.134(b) (Vernon Supp. 2004)). 
A trial court’s order concerning the conservatorship of a child is
reviewed for abuse of discretion.  See Gillespie v. Gillespie, 644 S.W.2d
449, 451 (Tex. 1982). 
“When there is some evidence of a substantive and probative character to
support the trial court’s decision, no abuse of discretion occurs.”  Limbaugh
v. Limbaugh, 71 S.W.3d 1, 14 (Tex. App.—Waco 2002, no pet.) (quoting Wilemon, 930 S.W.2d at 294).  The determination of conservatorship issues
is guided by the best interest of the child and is “intensely fact
driven.”  Lenz v. Lenz, 79 S.W.3d 10, 19 (Tex. 2002). 
The trial court heard substantive and probative evidence that the best
interest of the child required that Hubbard remain joint managing conservator
with the exclusive right to determine the primary residence of the child.  Hubbard moved to New York because of better financial opportunities there
for her husband, in order to better the standard of living of their
children.  Hubbard lives with her husband
and their other children in a large house in a nice neighborhood surrounded by
parks and other children.  Hubbard does
not work outside of the home, but stays home and takes care of the children
during the day.  Means of transportation
exist between Texas and New York, and the parties agreed to divide
transportation costs, so that the child could continue to have contact with
both parents.  The trial court did not
abuse its discretion.  We overrule Issue
4.

5.    Findings of Fact.  In Wise’s Issue 5, he contends that the trial
court did not make findings of fact.  As
Wise’s brief recites, the court made findings. 
To the extent that Wise complains of the substance of the findings, he
waives the complaint, since he did not request more specific findings of the
trial court.  See Tex. R. App. P.
33.1(a); Smith v. Smith, 22 S.W.3d
140, 149 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  We overrule Issue 5.

      Having
overruled Wise’s issues, we affirm the trial court’s judgment.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Opinion
delivered and filed June 23, 2004

Affirmed

[CV06]








 











  [1]  Although
this cause is styled Wise v. Wise,
Appellee uses the name Krystal Ann Hubbard in her brief.  We refer to her as Hubbard.  We refer to Appellant, James Isaac Wise, as
Wise.