Opinion issued March 1, 2007 








 





 







In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00257-CV

____________


AURELIO SOTELO FLORES, Appellant


V.


LETISIA CUEVAS, Appellee






On Appeal from the 245th District Court

Harris County, Texas

Trial Court Cause No. 2005-43269






MEMORANDUM OPINION

 In this restricted appeal, appellant, Aurelio Sotelo Flores, challenges the trial
court's "order establishing the parent relationship." In four issues, Flores contends
that he is "entitled to review by restricted appeal"; there is "no evidence or,
alternatively, insufficient evidence to support the relief granted"; "the child support
order failed to reduce the child support as each child reached [the] age of eighteen";
and appellee, Letisia Cuevas, the mother of the minor children, "failed to provide
notice of her petition for relief to a necessary party, the Texas Attorney General's
office, as assignee of her support right."

 We affirm in part and reverse and remand in part.

Factual and Procedural Background

 Cuevas filed a "petition to establish the parent-child relationship," seeking a
determination that Flores is the father of her minor children, Z.F.C. and R.F.C., and
an order for "appropriate current, retroactive, and medical child support for the
children." Although Flores was served, he failed to file an answer. During a default
judgment hearing, Cuevas testified that Flores is the father of her minor children,
Z.F.C. and R.F.C., the birthdates of Z.F.C. and R.F.C. are February 17, 2000 and July
19, 2002 respectively, and she did not have sexual intercourse with anyone other than
Flores "during either the 90-day period before, during, and after the conception" of
Z.F.C. and R.F.C. Cuevas also testified that Flores had never lived with, supported,
or visited the children. Cuevas stated that she had knowledge regarding Flores's
earnings, which were $3,700 per week. Cuevas asked the trial court to order Flores
to pay child support for both children "in accordance with the established guidelines"
and retroactive child support for the preceding four years for Z.F.C. and the preceding
three years for R.F.C. "based on his income." 

 On September 19, 2005, the trial court signed an "order establishing the parent
relationship," finding Flores to be the children's biological father and ordering Flores
to pay prospective (1) and retroactive child support. Specifically, the trial court ordered
Flores to pay prospective child support in the amount of $900 per month until the
earliest occurrence of a number of events, such as "the children reach[ing] the age of
eighteen years." The trial court also ordered Flores to pay "retroactive child support"
in the amount of $39,084, to be paid in the form of an additional monthly payment. 

Restricted Appeal

 To attack a judgment by a restricted appeal, the appeal must be filed (1) within
six months after the trial court signs the judgment; (2) by a party to the suit; (3) who,
either in person or through counsel, did not participate at trial; and (4) the error must
be apparent from the face of the record. Tex. R. App. P. 26.1(c), 30; Alexander v.
Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Barry v. Barry, 193 S.W.3d 72,
74 (Tex. App.--Houston [1st Dist.] 2006, no pet). The face of the record consists of
all the papers on file in the appeal, including any reporter's record. Osteen v. Osteen,
38 S.W.3d 809, 813 (Tex. App.--Houston [14th Dist.] 2001, no pet.). Here, the
parties dispute only the timeliness of the restricted appeal and the appearance of error
on the face of the record. (2) 

Paternity

 In his first and second issues, Flores argues that there is no evidence, or
insufficient evidence, to establish paternity because the evidence "fails to negate the
existence of a presumed father." The Texas Family Code specifically provides that
a "court shall issue an order adjudicating the paternity of a man who: (1) after service
of process, is in default; and (2) is found by the court to be the father of a child." See
Tex. Fam. Code Ann. § 160.634 (Vernon 2002). 

 Here, the record indicates that Flores failed to timely file an answer and,
pursuant to section 160.634, the trial court found him to be the father of the children. 
Id. The trial court's finding was based on Cuevas's uncontroverted testimony that
Flores was the father of both children and that she did not have sexual intercourse
with anyone other than Flores "during either the 90-day period before, during, and
after the conception" of both children. Although section 160.204 provides
presumptions of paternity, including presumptions arising in the context of marriage
and residency, there is no evidence in the record that Cuevas was married at or around
the time she conceived or gave birth to the children or that another man resided in the
same household as the children during the first two years of their lives. See id. §
160.204(a) (Vernon Supp. 2006). Thus, the presumptions do not apply, and Cuevas
was not required to present evidence "negating the existence" of a presumed father. (3) 
Cuevas's testimony that Flores is the father and that she did not have sexual
intercourse with anyone else but Flores during the 90-day period before and after the
conception of the children is sufficient to support the trial court's finding that Flores
is the father. Accordingly, we hold that Flores has failed to show error on the face
of the record with respect to the paternity findings.

 We overrule Flores's first and second issues to the extent they pertain to the
paternity findings. 

Child Support

 Flores also contends in his first and second issues that there is no evidence, or
insufficient evidence, to support the trial court's awards for child support. In regard
to the prospective child support award, Flores argues that the evidence used to
establish his net resources is insufficient because Cuevas failed to "state the basis of
her knowledge," the trial court did not make "appropriate deductions," and there is
no evidence as to whether his earnings were a "a gross or net amount." Thus, Flores
asserts that the trial court was required to set child support on the "federal minimum
wage" presumption. Flores reasons that by failing to apply this presumption, the trial
court awarded child support in excess of the Family Code's guidelines without
making the statutorily required findings and that the trial court provided Cuevas
"substantially more relief" than she requested. Flores argues that the evidence is also
insufficient to support the award for retroactive child support because the court failed
to consider his net resources "during the relevant time period" and other additional
factors, as required by the Family Code. 

 We review a trial court's order granting child support under an abuse of
discretion standard. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990);
Newberry v. Bohn-Newberry, 146 S.W.3d 233, 235 (Tex. App.--Houston [14th Dist.]
2004, no pet.). A trial court abuses it discretion when it acts arbitrarily or without
reference to guiding principles. Worford, 801 S.W.2d at 109. Under this standard,
legal and factual sufficiency of the evidence are not independent grounds of error, but
rather are relevant factors in assessing whether the trial court abused its discretion. 
Newberry, 146 S.W.3d at 235. A trial court does not abuse its discretion when there
is some evidence of a substantive and probative character to support the trial court's
order. Id.

 In regard to the prospective child support award, section 154.062 of the Family
Code provides that a court "shall calculate net resources for the purpose of
determining child support liability as provided by this section." See Tex. Fam. Code
Ann. § 154.062(a) (Vernon 2002). "Resources" are defined to include, among other
things, "100 percent of all wage and salary income and other compensation for
personal services." Id. § 154.062(b)(1) (Vernon 2002). "There must be some
evidence of a substantive and probative character of net resources" in order for the
trial court to discharge its duty under section 154.062. Newberry, 146 S.W.3d at 236. 
Here, Cuevas testified, based on her personal knowledge, that Flores earns $3,700 per
week. Cuevas's testimony was uncontroverted, and provided some evidence to
support the trial court's implied findings on Flores's net resources for purposes of
determining prospective child support. See id. (affirming child support award when
mother's testimony provided "only evidence" of father's income); Wilemon v.
Wilemon, 930 S.W.2d 290, 294-95 (Tex. App.--Waco 1996, no pet.) (affirming child
support award on basis of mother's testimony regarding father's monthly earnings,
and rejecting argument that mother was required to furnish tax returns, wage stubs,
and financial statements of father's net resources). Consequently, the trial court was
not required to presume that Flores had wages or salary equal to the federal minimum
wage. See Tex. Fam. Code Ann. § 154.068 (Vernon 2002) ("In the absence of
evidence of the wage and salary income of a party, the court shall presume that the
party has wages or salary equal to the federal minimum wage for a 40-hour week."). 
 Cuevas's testimony establishes Flores's annual income to be $192,400, and his
monthly income to be approximately $16,000. See id. § 154.061 (Vernon Supp.
2006) ("gross income should first be computed on an annual basis and then should
be recalculated to determine average monthly gross income"). Using the tax charts
found in section 154.061 of the Family Code to compute net income, the trial court
could have properly found Flores's net monthly income to exceed $10,000. (4) See id. 
The Family Code provides that when an obligor's net resources exceed $6,000 per
month, the court is to apply the presumptive percentage guidelines set forth in section
154.125 to the first $6,000. Id. § 154.126 (Vernon 2002). Section 154.125 provides
that child support should equal twenty-five percent of the obligor's net resources
when there are two children, as there are here. Id. § 154.125 (Vernon 2002). 
Therefore, the trial court was authorized to order appellant to pay child support of
$1,500 per month. Here, the prospective child support award of $900 per month did
not exceed the guidelines. Thus, contrary to Flores's complaints, the trial court did
not abuse its discretion in awarding an amount "in excess" of the guidelines or by
granting Cuevas "substantially more relief" than she requested. Accordingly, we hold
that Flores has failed to show error on the face of the record with respect to the
prospective child support award. (5)

 In regard to the retroactive child support award, section 154.009 of the Family
Code provides that a "court may order a parent to pay retroactive child support if the
parent: (1) has not previously been ordered to pay support for the child; and (2) was
not a party to a suit in which support was ordered." Id. § 154.009(a) (Vernon 2002). 
This section further provides that "[i]n ordering retroactive child support, the court
shall apply the child support guidelines provided by this chapter." Id. § 154.009(b) 
(Vernon 2002); see also id. § 154.131(a) (Vernon 2002) ("The child support
guidelines are intended to guide the court in determining the amount of retroactive
child support, if any, to be ordered."). Section 154.131(b) provides that "[i]n ordering
retroactive child support, the court shall consider the net resources of the obligor
during the relevant time period . . . ." Id. § 154.131(b) (Vernon 2002) (emphasis
added). (6) 

 Here, Cuevas testified only regarding Flores's present earnings. Cuevas
offered no evidence regarding Flores's earnings during "the relevant time period" for
which she sought retroactive child support. We recognize that compliance with the
guidelines regarding the award of retroactive child support is not mandatory. See In
re Sanders, 159 S.W.3d 797, 801 (Tex. App.--Amarillo 2005, no pet.). Also, courts
may calculate net resources on "imprecise information." See In re J.C.K.,143 S.W.3d
131, 139 (Tex. App.--Waco 2004, no pet.). However, section 154.131 plainly states
that a trial court must at least "consider" the "net resources" of the father "during the
relevant time period." Tex. Fam. Code Ann. § 154.131(b) (Vernon 2002). In this
case, there is no evidence pertaining to the relevant time period. In the absence of
such evidence, the trial court should have presumed that Flores had wages or salary
during the relevant time period equal to the federal minimum wage for a 40-hour
week. Id. § 154.068 (Vernon 2002); see In re M.M., 980 S.W.2d 699, 700 (Tex.
App.--San Antonio 1998, no pet.) (applying minimum wage presumption to
retroactive child support award).

 Applying the federal minimum wage, which at the time was $5.15, (7) Flores's
gross annual income would have been $10,712, his gross monthly wage would have
been approximately $892, and his net monthly income would have been
approximately $805. See Tex. Fam. Code Ann. § 154.061(a), (b). Cuevas requested
retroactive child support for the preceding four years for Z.F.C. and the preceding
three years for R.F.C. Flores's monthly child support obligation, for the first year in
which he had only one child, would have been 20% of his net resources, or $161.11. 
See id. § 154.125(b) (Vernon 2002). For the remaining three years, Flores's monthly
child support obligation, in which he had two children, would have been 25% of his
net resources, or $201.38. See id. Thus, the trial court would have been authorized
to award retroactive child support, pursuant to Cuevas's request, in the amount of
$9,183.04. The trial court appears to have awarded Cuevas retroactive child support
in the amount of $39,084 based solely on evidence of Flores's present earnings,
without any evidence of his earnings during any relevant time period or evidence on
the other relevant factors. Id. § 154.131(b). The trial court abused its discretion in
doing so, and we hold that error appears on the face of the record with respect to the
retroactive child support award. 

 We overrule Flores's first and second issues to the extent that they pertain to
the prospective child support award. We sustain Flores's first and second issues to
the extent that they pertain to the retroactive child support award.

Partial Termination of Support Obligation

 In his third issue, Flores contends that "he is entitled to reversal because the
child support order failed to reduce the child support as each child reached [the] age
of eighteen." (8)
 Section 154.127 of the Family Code provides that "[a] child support
order for more than one child shall provide that, on the termination of support for a
child, the level of support for the remaining child or children is in accordance with
the child support guidelines." Tex. Fam. Code Ann. § 154.127 (Vernon 2002). 

 In Newberry, our sister court held that a trial court abused its discretion when
it signed a child support order that failed to properly apply section 154.127. 146
S.W.3d at 237. The father in Newberry complained that the child support order failed
to properly decrease the "payments as set forth in the guidelines." Id. The court
agreed, noting that the order required the father to pay $1,500 per month, regardless
of whether he was obligated to support one or two children, and held that the trial
court abused its discretion in requiring the father "to pay an amount of child support
not in accordance with the guidelines and without making any specific factual
findings to support the excessive amount." Id. The mother conceded that there was
error on the face of the record and filed a voluntary remittitur so that the judgment
would "fall[] within the Family Code guidelines," and the court reformed the
judgment "according to the guidelines." Id. Similarly, in Deltuva v. Deltuva, the
Dallas Court of Appeals, citing section 154.001(a)(1), stated that "[a]bsent a
contractual agreement," a trial court could not require support for children who had
left high school and were over the age of eighteen, and held that the trial court abused
its discretion in failing to provide a reduction in the father's child support obligations
for these events. 113 S.W.3d 882, 887 (Tex. App.--Dallas 2003, no pet.). 

 Here, as we have previously noted, the award for prospective child support of
$900 per month falls well below the amount calculated under the Family Code's
guidelines. Furthermore, we note that, even after his first child turns eighteen, the
current guidelines would still require Flores to pay child support in the amount of
$1,200 per month, an amount that exceeds the $900 per month Flores was actually
ordered to pay by the trial court. Tex. Fam. Code Ann. § 154.001, 154.125, 154.126,
154.127 (Vernon 2002 & Supp. 2006). Nevertheless, we recognize that the terms of
section 154.127 are mandatory, and the trial court abused its discretion in failing to
include in its order a provision consistent with section 154.127. We hold that this
error appears on the face of the record.

 We sustain Flores's third issue.

Notice to Attorney General 

 In his fourth issue, Flores argues that "he is entitled to reversal because Cuevas
failed to provide notice of her petition for relief to a necessary party, the Texas
Attorney General's office, as assignee of her support right." Flores alleges, without
citation to any portion of the record, that he and Cuevas have been involved in
litigation concerning the children and that the "agency was required to receive notice
of the filing of Cuevas's petition."

 Flores cites section 102.009(d) of the Family Code, which provides, "If the
petition requests the establishment . . . of a support right assigned to the Title IV-D
agency under Chapter 231 . . . notice shall be given to the Title IV-D agency in a
manner provided by Rule 21a, Texas Rules of Civil Procedure." Tex. Fam. Code
Ann. § 102.009(d) (Vernon Supp. 2006).

 There is nothing on the face of the record suggesting that Cuevas's support
rights were assigned to the Title IV-D agency. Thus, we hold that Flores has failed
to show error on the face of the record in this regard. 

 We overrule Flores's fourth issue.








Conclusion

 We reverse the order of the trial court to the extent that it awards retroactive
child support, and we remand this cause to the trial court for proceedings consistent
with this opinion on the issue of retroactive child support and for the addition of a
provision to the order in compliance with section 154.127 of the Family Code. See
Tex. Fam. Code Ann. § 154.127. We affirm the remainder of the order of the trial
court, including the portions of the order that establish Flores's paternity as to both
children and award Cuevas prospective child support for those children in the amount
of $900 per month. 



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.
1. Flores uses the term "prospective child support," to refer to the award of child support
on a going-forward basis, and we adopt this term for consistency.
2. Although this Court has previously considered and denied Cuevas's motion to dismiss
Flores's restricted appeal on the ground that it was untimely, Cuevas again raises the
timeliness issue in her appellate brief. The "order establishing the parent
relationship" was signed on September 19, 2005, and both parties agree that the notice
of restricted appeal was to be filed no later than March 20, 2006. See Tex. R. App.
P. 25.1, 26.1(c). Cuevas alleges, as she did in her motion, that the notice was filed on
March 21, 2006. In his response, Flores explained that he timely filed his notice on
March 20, 2006, he discovered later that day that the file stamp incorrectly stated
March 21, 2006, he returned to the clerk's office, and the clerk corrected the error. 
Flores attached to his response a copy of the corrected notice supporting his
explanation, and, as we indicated by our July 17, 2006 order, we have considered the
evidence contained in the record, accepted Flores's explanation, and determined the
notice to be timely. 
3. Moreover, section 160.204 states that "a presumption of paternity established" under
that section may be rebutted by an adjudication under Subchapter G of Chapter 160
of the Family Code, which includes section 160.634, the section under which Flores's
paternity was adjudicated. See Tex. Fam. Code Ann. § 160.204(b)(1) (Vernon Supp.
2006). 
4. The tax charts account for the payment of, among other things, social security and
federal income taxes. See Tex. Fam. Code Ann. § 154.061 (Vernon Supp. 2006). 
There was no evidence presented to support Flores's contention that he was entitled
to any other deductions.
5. If an obligor's net resources exceed $6,000 per month, the trial court "may order
additional amounts of child support as appropriate, depending on the income of the
parties and the proven needs of the child." Id. § 154.126 (Vernon 2002). Here, there
was no evidence presented to show that the needs of the children required support
above the presumptive percentage guidelines, and Cuevas does not complain of the
trial court's failure to award any additional amounts. Furthermore, instead of
exceeding the guidelines, as Flores alleges, the prospective child support award
actually falls well below the guidelines. See id. However, although Cuevas
recognizes in her briefing that she would have been entitled to a higher child support
award under the guidelines, she does not challenge the amount of the award, and
instead asks that it be affirmed. 
6. A court "shall" also "consider" whether (1) the mother of the child had made any
previous attempts to notify the obligor of his paternity or probable paternity; (2) the
obligor had knowledge of his paternity or probable paternity; (3) the order of
retroactive child support will impose an undue financial hardship on the obligor or the
obligor's family; and (4) the obligor has provided actual support or other necessaries
before the filing of the action. Tex. Fam. Code Ann. § 154.131(b) (Vernon 2002). 
There was no evidence presented on these additional factors.
7. See 29 U.S.C. § 206 (1996).
8. See Tex. Fam. Code Ann. § 154.001(a) (Vernon Supp. 2006) ("The court may order
either or both parents to support a child in the manner specified by the order: (1) until
the child is 18 years of age or until graduation from high school, whichever occurs
later; (2) until the child is emancipated through marriage, through removal of the
disabilities of minority by court order, or by other operation of law; (3) until the death
of the child; or (4) if the child is disabled as defined in this chapter, for an indefinite
period.").