COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| OMARIE CHRISMAN, | | No. 08-06-00337-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 383rd District Court |
| | § | |
| MIGUEL CHRISMAN, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2003CM1442) |
| | § | |

# O P I N I O N

Omarie Chrisman, *pro se,* appeals from a final decree of divorce. Because we conclude that she has no constitutional right to the effective assistance of counsel in a suit for dissolution of marriage, we affirm.

## FACTUAL SUMMARY

Miguel Chrisman filed a petition for divorce on March 5, 2003 alleging that he and Omarie Chrisman were married on December 14, 2001 and ceased to live together as husband and wife on or about January 31, 2003. The Chrismans have no children. Omarie, represented by counsel, filed an answer and a counter-petition for divorce. The trial court entered a final decree on the ground of insupportability. In dividing the marital estate, the court awarded Miguel the marital home and its contents, a 1993 Ford F-150, and a 2006 Chrysler 300. Omarie was awarded spousal maintenance in the amount of $5,000, payable at the rate of $500 per month for ten months, and attorney's fees in the amount of $750. Omarie filed a notice of appeal, but she did not make the necessary arrangements for the reporter's record to be included in the appellate record.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In her sole issue for review, Omarie complains that she was denied the effective assistance of counsel in the divorce proceedings. She cites no authority supporting her contention, and we have found none. We recognize that the constitutional right to effective assistance of counsel has been extended to certain civil proceedings. The Texas Supreme Court has determined that parents are entitled to effective assistance in termination proceedings, and it has adopted a two-pronged test for evaluating claims of ineffective assistance of counsel based on *Strickland v. Washington*, 466 U.S. 668, 681, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *In re M.S.*, 115 S.W.3d 534, 544-45 (Tex. 2003); *see also* TEX.FAM.CODE ANN. § 107.013 (Vernon 2008)(according right to appointed counsel). The subject of an involuntary civil commitment proceeding also has the right to effective assistance of counsel. *See In re Protection of H.W.*, 85 S.W.3d 348, 355-56 (Tex.App.--Tyler 2002, no pet.); *Lanett v. State*, 750 S.W.2d 302, 306 (Tex.App.--Dallas 1988, writ denied); *Ex parte Ullmann*, 616 S.W.2d 278, 283 (Tex.Civ.App.--San Antonio 1981, writ dism'd). No Texas court has determined that a petitioner or respondent in a dissolution proceeding has the constitutional right to effective assistance of counsel and we decline to do so. We therefore overrule the sole issue for review and affirm the judgment of the trial court.

May 6, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating