

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00145-CV

IMTIAZ HUSSAIN PIRZADA            APPELLANT

V.

LATANYA NICOLE RICE            APPELLEE

----------

### FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 233-489884-11

----------

## MEMORANDUM OPINION[1]

----------

Appellant Imtiaz Hussain Pirzada appeals from the trial court's final decree of divorce and specifically challenges the trial court's child-support and attorney-fees determinations. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## I.  BACKGROUND

Pirzada and appellee LaTanya Nicole Rice married in 1999 and had two children, J. and Z.[2]  On January 4, 2011, Pirzada filed a divorce petition, seeking sole managing conservatorship of J. and Z. (the SAPCR).  *See* Tex. Fam. Code Ann. § 6.406 (West 2006).  On September 14, 2011, the trial court entered temporary orders, appointing Pirzada and Rice as temporary joint managing conservators of J. and Z.  Rice then filed a counterpetition for divorce on September 21, 2011, and asked to be named sole managing conservator of J. and Z.  On August 27, 2012, Rice filed a motion to modify the temporary orders, alleging parental alienation by Pirzada:  "Since entry of the Temporary Orders [Pirzada] has engaged in parental alienation of the children against [Rice] to the extent of causing severe emotional danger to the children."  Rice requested to be appointed J. and Z.'s temporary sole managing conservator.

The trial court called the case for trial on the merits on October 2, 2012.  The trial court called Susan Goldstein Reddig, a caseworker for Family Court Services, as a witness to testify regarding the social study she had prepared.  She testified that J. and Z. were in "emotional danger" from Pirzada and that they refused to see their mother because they were angry with her after she had

---

[2]We use aliases for the names of the children.  *See* Tex. R. App. P. 9.9(a)(3) (requiring privacy protection for sensitive data in civil cases, including names of minors).

another baby[3] and because they believed Rice wanted to kill them. Reddig stated that J. and Z. began reacting aggressively toward Rice after spending time with Pirzada. After this testimony, the trial court recessed the trial, ordered the Texas Department of Family and Protective Services (DFPS) to take immediate possession of J. and Z., and appointed DFPS J. and Z.'s temporary sole managing conservator pending a full adversary hearing. *See generally id.* §§ 152.204, 262.102, 262.104 (West 2014) (providing for emergency possession of child). The trial court also stopped all visitation with Pirzada "until the children's counselor says otherwise," and ordered Rice's possession to be supervised.

The next day, DFPS filed a petition in the SAPCR, requesting a temporary order for the protection of J. and Z. and appointment as J. and Z.'s temporary managing conservator (the DFPS suit). *See id.* §§ 102.003(a)(5), 262.105 (West 2014). Finally, DFPS requested termination of Pirzada's and Rice's parental rights to J. and Z. only if reunification with Pirzada or Rice could not be achieved. On October 16, 2012, after the required hearing, the trial court ordered Pirzada and Rice to pay child support to DFPS and allowed Rice to begin supervised visits—"limited access"—with J. and Z. *See id.* § 262.201 (West 2014). Pirzada was given no visitation rights at this time. Because of this child-support order,

---

[3]It appears that the father of this baby was Rice's boyfriend and not Pirzada.

the Texas Attorney General became an interested party in the SAPCR. *See id.* §§ 102.007, 231.101 (West 2014).

On January 23, 2013 after having had no contact with J. and Z. for four months, Pirzada filed a motion seeking "reasonable visitation periods" with J. and Z., which the trial court granted, allowing Pirzada to visit J. and Z., supervised by DFPS, for thirty minutes twice a month. On April 12, 2013, DFPS moved to suspend Pirzada's visitation because J. and Z. continued to be "very negative towards" Rice and appeared to have been emotionally abused by Pirzada. The trial court declined to modify Pirzada's visitation. After a hearing on August 12, 2013, however, the trial court entered an order suspending all visitation with Pirzada but allowing Rice and Z. to have unsupervised visits "on Saturdays from 9:00 am to 6:00 pm." *See id.* § 263.304 (West 2014). The trial court set October 7, 2013 as the dismissal date. *See id.* §§ 263.306(a)(12), 263.401(a) (West 2014).

On September 17, 2013, DFPS filed two motions for the monitored return of J. to Pirzada and Z. to Rice, which the trial court granted. *See id.* § 263.403 (West 2014). The trial court extended the dismissal date and set both the SAPCR and the DFPS suit for trial on January 23, 2014. *See id.* § 263.401(b). On December 16, 2013, the trial court removed DFPS as J. and Z.'s temporary sole managing conservator pursuant to DFPS's motion, appointed Pirzada as J.'s temporary managing conservator, and appointed Rice as Z.'s temporary

4

managing conservator. This ended DFPS's involvement in the SAPCR. Indeed, DFPS did not enter an appearance at the SAPCR trial.

The trial of the SAPCR began on January 23, 2014. Pirzada, Rice, and the attorney general appeared. At its conclusion, the trial court granted the divorce, divided the marital estate, appointed Rice as sole managing conservator of J. and Z., and appointed Pirzada as possessory conservator with supervised visitation. The trial court further set Pirzada's child-support obligation at $1,130 per month, which was the amount requested by the attorney general. The final divorce decree was signed on February 24, 2014.

Pirzada timely filed a motion for new trial, arguing that the trial court erred by failing to allow J. to testify at Pirzada's request and by ordering supervised visitation for Pirzada in the absence of sufficient evidence. Pirzada did not request findings of fact or conclusions of law. *See id.* § 6.711 (West 2006), § 154.130 (West 2014); Tex. R. Civ. P. 296. The motion was overruled by operation of law, and Pirzada filed a notice of appeal from the final divorce decree. *See* Tex. R. Civ. P. 329b(c). Pirzada argues in three issues that he was denied the effective assistance of counsel at trial, there was no evidence to support the trial court's net-resources finding, and the trial court's attorneys-fee award must be remanded if the trial court's judgment is reversed.

## II. ASSISTANCE OF COUNSEL

In his first issue, Pirzada argues his trial counsel was constitutionally ineffective for failing to call two witnesses to "directly challenge the claims of

5

alienation," resulting in the trial court's unfavorable custody rulings. The right to effective assistance of counsel arises under the Sixth Amendment and has been extended only to certain civil proceedings in Texas. U.S. Const. amend. VI; *see, e.g.*, *In re M.S.*, 115 S.W.3d 534, 544–45 (Tex. 2003) (extending Sixth Amendment to parental-rights termination cases based on statutory right to appointed counsel applicable to termination proceedings); *In re Protection of H.W.*, 85 S.W.3d 348, 355–56 (Tex. App.—Tyler 2002, no pet.) (noting right applies to involuntary civil-commitment cases). This constitutional right has not been extended to divorce proceedings or to disputes regarding conservatorship or its modification. *See In re A.J.M.*, No. 05-10-00920-CV, 2011 WL 2207103, at *1 (Tex. App.—Dallas June 8, 2011, no pet.) (mem. op.); *In re M.J.*, No. 09-09-00355-CV, 2010 WL 3042438, at *4 (Tex. App.—Beaumont Aug. 5, 2010, no pet.) (mem. op.); *Chrisman v. Chrisman*, 296 S.W.3d 706, 707 (Tex. App.—El Paso 2009, no pet.); *In re V.N.S.*, No. 13-07-00046-CV, 2008 WL 2744659, at *5 (Tex. App.—Corpus Christi July 3, 2008, no pet.) (mem. op.).

Pirzada argues that this right should be extended to the SAPCR trial because the DFPS suit sought termination of his parental rights and because he "actually lost his rights to make decisions concerning the care, custody, and control of his children." We conclude the constitutional right to effective assistance of counsel is not extended to this case. Although DFPS sought termination in its suit as an alternative to reunification, that suit was concluded when the trial court removed DFPS as J. and Z.'s temporary sole managing

6

conservator, appointed Rice as Z.'s temporary managing conservator, and appointed Pirzada as J.'s temporary managing conservator. DFPS did not appear at the trial and, of course, introduced no evidence relevant to termination. Both Rice and Pirzada were represented by retained counsel at the SAPCR trial. The factor that compelled the supreme court to extend the Sixth Amendment to parental-rights termination cases—an indigent parent's statutory right to appointed counsel in such cases—is not present in this case. We decline to extend the Sixth Amendment guarantee of effective assistance of counsel under these circumstances and overrule Pirzada's first issue.[4]

## III. CHILD-SUPPORT OBLIGATION

In his second issue, Pirzada argues that the trial court abused its discretion by determining his monthly net resources and ordering him to pay $1,130 per month based on that amount. We review a trial court's determination of child support for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). An abuse of discretion occurs if a trial court acts without reference to any guiding principles. *Id.* If some probative evidence supports the trial

---

[4]Even if the right to effective counsel extended to Pirzada's retained trial counsel, we would conclude Pirzada failed to show counsel was ineffective. *See Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (holding prejudice prong of ineffective-assistance test cannot be met for failure to call a witness absent showing that witness was available and appellant would have benefitted from testimony); *Lair v. State*, 265 S.W.3d 580, 594 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (holding decision whether to call certain witness is strategic decision that will not be second-guessed by appellate court in the absence of any explanation).

court's decision, no abuse of discretion occurs. *In re A.A.G.*, 303 S.W.3d 739, 740 (Tex. App.—Waco 2009, no pet.). Because Pirzada did not request findings or conclusions, we imply "that the trial court made all the findings necessary to support its judgment." *Worford*, 801 S.W.2d at 109. In determining whether some evidence supports the trial court's decision based on these implied findings of fact, we are to consider only that evidence most favorable to the issue and entirely disregard opposing or contradictory evidence. *Id.*

Under the statutory guidelines, Pirzada was subject to a presumption that he should pay 25% of his monthly net resources for J. and Z.'s support. *See* Tex. Fam. Code Ann. § 154.125(b) (West 2014). Net resources for a child-support obligation include "100 percent of all wage and salary income" and "self-employment income." *Id.* § 154.062(b)(1), (3) (West 2014). Self-employment income, in turn, is subject to the trial court's discretion. *See* Tex. Fam. Code Ann. § 154.065(b) (West 2014). Pirzada asserts that the evidence he submitted of his monthly net worth showed an average monthly amount of $6,903.83, which then must be reduced by 50%—to $3,451.92 per month—to account for Pirzada's business partner.

Pirzada testified that he owned a limousine service equally with a partner, Mohammad Ismael, who received 50% of the business's gross income. Pirzada introduced into evidence the business's bank statements for five months in 2013, showing the business grossed an average of $6,903.83 per month, and his 2011 tax return, which showed his adjusted gross income was $16,745. Pirzada did

8

not produce his personal bank statements or the required financial-information statement. *See* Tarrant Cnty. (Tex.) Fam. Cts. Loc. R. 4.05(2); *see also* Tex. Fam. Code Ann. § 154.063 (West 2014). Pirzada testified that he had business expenses—car payments, gas, maintenance fees, car insurance—that were deducted from his gross business income. Rice testified that Pirzada had never before claimed to have a business partner and pointed out that the web site for the business only provided Pirzada's contact information.

We conclude that the trial court did not abuse its discretion in determining the amount of Pirzada's child-support obligation. Although Pirzada testified that he had a business partner who was entitled to 50% of the amount reflected in the bank statements, thereby reducing the amount subject to any child-support obligation, the trial court could have discounted that testimony based on Rice's statements that Pirzada never had a business partner. *See In re N.T.*, 335 S.W.3d 660, 666 (Tex. App.—El Paso 2011, no pet.). Pirzada also testified as to business expenses, which would reduce the $6,903.83 gross monthly income from his business. This evidence taken as a whole supported the trial court's order that Pirzada pay $1,130 per month in child support, as requested by the attorney general. *See In re B.J.M.*, No. 04-14-00300-CV, 2015 WL 1244804, at *2 (Tex. App.—San Antonio Mar. 18, 2015, no pet. h.) (mem. op.); *In re H.D.C.*, No. 14-13-00976-CV, 2014 WL 6464331, at *7 (Tex. App.—Houston [14th Dist.] Nov. 18, 2014, no pet.); *Baxley v. Baxley*, No. 01-10-00570-CV, 2011 WL 2504216, at *3 (Tex. App.—Houston [1st Dist.] June 23, 2011, no pet.)

9

(mem. op.). Therefore, Pirzada has failed to show that the trial court abused its discretion. *See, e.g., Moore v. Moore*, No. 01-13-00182-CV, 2014 WL 2538555, at *8–9 (Tex. App.—Houston [1st Dist.] June 5, 2014, no pet.) (mem. op.); *N.T.*, 335 SW.3d at 666–67. We overrule issue two.

## IV. CONCLUSION

We conclude that the SAPCR was not a proceeding to which the guarantees of the Sixth Amendment applied and that the trial court did not abuse its discretion by determining Pirzada's monthly net income in setting his child-support obligation. Because Pirzada's third issue was conditional on a finding of trial court error, we need not address it. *See* Tex. R. App. P. 47.1. Accordingly, we affirm the trial court's final divorce decree. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED: April 16, 2015