In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00189-CV**
_____

**DEBRA JACKSON, Appellant**

**V.**

**TERRY JACKSON, Appellee**

_____

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-11-12419-CV**
_____

**MEMORANDUM OPINION**

In 2014, Debra Jackson ("Debra") filed a petition for divorce from Terry

Jackson ("Terry"). Terry filed a counter-petition for divorce. A jury determined the

questions regarding conservatorship of Terry and Debra's two children, the right to

determine the children's residence, and any geographic restrictions. The trial court

held a bench trial regarding visitation and property division. On April 26, 2016, the

1

trial court signed a final divorce decree. Debra filed a timely notice of appeal. We affirm the trial court's judgment.

In her first appellate issue, Debra argues that her trial counsel rendered ineffective assistance of counsel. "'[T]he doctrine of ineffective assistance of counsel does not extend to most civil cases, including divorce cases.'" *Sherwood v. Sherwood*, No. 09-15-00133-CV, 2016 Tex. App. LEXIS 1939, at *2 (Tex. App.—Beaumont 2016, no pet.) (mem. op.) (quoting *Blair v. McClinton*, No. 01-11-00701-CV, 2013 Tex. App. LEXIS 8048, at *8 (Tex. App.—Houston [1st Dist.] July 2, 2013, pet. denied) (mem. op.)); *see Chrisman v. Chrisman*, 296 S.W.3d 706, 707 (Tex. App.—El Paso 2009, no pet.) (Although the Texas Supreme Court has determined that parents are entitled to effective assistance in a termination-of-parental-rights proceeding, "[n]o Texas court has determined that a petitioner or respondent in a dissolution proceeding has the constitutional right to effective assistance of counsel and we decline to do so."). Accordingly, we overrule issue one.

In her second appellate issue, Debra asserts that the trial court erred in denying Debra's request that the amicus attorney testify as a fact witness. An amicus attorney appointed to assist the court has various duties as provided for in Section 107.003 of the Texas Family Code. See Tex. Fam. Code Ann. § 107.003 (West Supp. 2017). However, section 107.007(a)(4) of the Texas Family Code provides that an amicus

attorney is prohibited from testifying in court except as otherwise authorized by Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct. *Id.* § 107.007(a)(4) (West 2014). We find nothing in the record before us indicating that the Rule 3.08 exception applies. At trial and on appeal, Debra did not argue that Rule 3.08 authorized the amicus attorney to testify in the present case, and Debra made no offer of proof at trial as to what she believed the amicus attorney would have testified to or how the trial court's failure to call the amicus attorney to testify adversely affected her case. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.08, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013); Tex. R. App. P. 33.1.

Debra further argues that this Court's decision in *In the Interest of A.K.M.*, No. 09-12-00464-CV, 2014 Tex. App. LEXIS 2230 (Tex. App.—Beaumont Feb. 27, 2014, pet. denied) (mem. op.), "would show that the [a]micus had given testimony in previous hearing without objection, the amicus should have been allowed to be called in the final trial." In *A.K.M.*, this Court determined that although the trial court allowed the amicus attorney to testify at the emergency hearing regarding contested issues of fact, the appellant did not object during the emergency hearing to the amicus attorney testifying and, therefore, appellant waived the complaint on appeal. *See id.* at \*\*35-36. The reasoning in *A.K.M.* does not support Debra's argument that

the trial court erred in denying Debra's request to call the amicus attorney as a fact witness. We overrule issue two.[1]

The trial court's judgment is affirmed.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on February 27, 2018
Opinion Delivered March 15, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[1] Debra only presents the foregoing two issues in the argument section of her appellate brief. However, she states in her "statement of the facts" that "[t]hroughout a trial by jury regarding possession, access, and custody of children and a trial by judge regarding property, Appellant was denied due process, a fair and just division of assets, and the best interest for her children by the ineffective assistance of her counsel and denial of her right to call the amicus as a witness." Debra did not brief or cite to any authority for a due process challenge or a challenge to the just division of her assets. She fails to specify what process she was denied or explain how she was denied a fair and just division of the estate. The statement she included within her "statement of the facts" is insufficient to raise any additional issue. *See* Tex. R. App. P. 38.1(i).