**Opinion issued May 5, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00067-CV

————————————

## KATHERINE FLORES, Appellant

## V.

## ALASTAIR DIZON REYES, Appellee

---

## On Appeal from the 387th District Court
### Fort Bend County, Texas
### Trial Court Case No. 14-DCV-219522

---

## MEMORANDUM OPINION

This is an appeal from a final divorce decree dissolving the marriage of appellant Katherine Flores and appellee Alastair Dizon Reyes. On appeal, Flores contends that she received ineffective assistance of counsel during the divorce proceedings. We affirm the trial court's decree.

## Background

Alastair Reyes and Katherine Flores married in January 2014. They had one child during the marriage. In December 2014, Reyes filed for divorce, and in October 2015, Flores filed a counterpetition for divorce.

In October 2016, Flores's counsel withdrew. A year later, new counsel appeared on behalf of Flores, and within six months, the court granted a third attorney's motion to substitute as counsel for Flores.

Reyes moved to compel discovery. Neither Flores nor her counsel appeared, and the court ordered Flores to respond to interrogatories and requests for production and ordered her to pay $900 in attorney's fees. The court later held a hearing on Reyes's motion for enforcement and contempt proceedings. Neither Flores nor her counsel appeared. The court ordered both parties to mediation before May 20, 2018, granted the motion for sanctions, and ordered Flores to pay Reyes's attorney's fees of $1,200. The court later waived mediation and set the case for trial.

Both parties were represented by counsel at trial in August 2018. Flores, Reyes, and Reyes's mother testified, and Reyes's counsel testified regarding attorney's fees. The trial court appointed Flores and Reyes joint managing conservators of the minor child. The court awarded Reyes the exclusive right to determine the child's residence within Fort Bend County or its contiguous

counties, the exclusive right to receive and disburse child support, and the exclusive right, in consultation with Flores, to make educational and invasive medical decisions. The court awarded Flores an expanded standard possession order. In October 2018, the trial court signed a final divorce, and Flores appealed.

### Inadequate Representation

In her sole issue on appeal, Flores argues that her constitutional rights were violated because she was denied effective assistance of counsel during the pendency of the divorce. Specifically, she challenges the district court's decision to appoint her joint managing conservator of her child but award Reyes the exclusive right to designate the primary residence of the child. Flores argues that her counsel did not attend any hearings between February 2018 to August 2018, despite being properly noticed; did not notify her of the court dates; failed to negotiate with Reyes; did not comply with the order to complete mediation, respond to interrogatories, or produce documents; and did not prepare for trial. Flores contends that her counsel's conduct caused her to be nervous when she testified at trial and resulted in two orders for her to pay Reyes's attorney's fees.

The United States Supreme Court has recognized that ineffective assistance of counsel in the criminal context is a violation of the Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). However, it is well established that the doctrine of ineffective assistance of counsel does not

extend to divorce cases. *Blair v. McClinton*, No. 01-11-00701-CV, 2013 WL 3354649, at *3 (Tex. App.—Houston [1st Dist.] July 2, 2013, pet. denied) (mem. op.); *Chrisman v. Chrisman*, 296 S.W.3d 706, 707 (Tex. App.—El Paso 2009, no pet.).

Flores argues that this case involved important rights, such as her right to decide the primary residence of her child. The Texas Supreme Court has recognized that a parent has a constitutional right to effective counsel in parental-rights termination cases. *See In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). This case does not involve the termination of parental rights. Because this is a divorce case and does not concern the termination of parental rights, the doctrine of ineffective assistance of counsel does not apply to Flores's complaints. *See id.*

We overrule Flores's sole issue on appeal.

## Conclusion

We affirm the trial court's decree.

Peter Kelly
Justice

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

4