In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00379-CV
_____

**PHILLIP SNEED, Appellant**

**V.**

**MARGARITA STAMAT, Appellee**

_____

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-226,497**

_____

**MEMORANDUM OPINION**

Appellant Phillip Sneed appeals the trial court's Final Decree of Divorce. The decree appointed Sneed and Appellee Margarita Stamat joint managing conservators of their minor child, with Stamat having the exclusive right to designate the child's primary residence and to make educational and medical decisions for the child. Both parties were represented by counsel in the trial court.

The underlying divorce proceeding was originally filed by Appellant against Appellee, Appellee was served by publication, and Appellant received a default

1

judgment of divorce and was appointed as sole custodian of the minor child. Appellee filed a motion for new trial, which was granted. Appellee also filed a general denial and a counterpetition for divorce. The trial court put temporary orders in place pending the final hearing. Both parties were represented by attorneys during the underlying proceedings.

After a bench trial, the judge found that the parties were divorced, Appellee was named the conservator with the right to designate the residence of the child, make educational decisions, medical and psychological decisions for the child, and Appellant was ordered to pay child support in the amount of $500 per month. Appellant filed a pro se notice of appeal wherein he stated he was appealing the "order and judgment divorce" entered on "September 30, 2019." According to the record before us, the Judgment entered of record on September 30, 2019 states therein that the divorce was "judicially PRONOUNCED AND RENDERED in court at Beaumont, Jefferson County, Texas, on August 30, 2019 and further noted on the court's docket sheet on the same date[] but signed on September 30, 2019."

Appellant's pro se "brief" on appeal identifies the following as issues:

(1) What is considered the best interest of the Child in Texas?
(2) In Texas when you file a lawsuit do you have the right to unbiased justice?
(3) When you work with a lawyer, do you have the right to adequate and competent legal representation?

2

Appellant seeks the following relief: to reverse the trial court's decision or to be granted another trial, to be granted sole managing conservator of his minor child, that his ex-wife be ordered to pay child support, and that his ex-wife be given visitation on the first, third, and fifth weekends of the month.

We construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"); *see also Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) (a reviewing court construes points of error liberally to obtain a just, fair, and equitable adjudication of the parties' rights). Nevertheless, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Pro se parties must comply with the rules governing preservation of error and requiring adequate briefing and citations to the record. *Redmond v. Kovar*, No. 09-17-00099-CV, 2018 Tex. App. LEXIS 925, at **5-7 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.) (citing *Ramey v. Fed. Home Loan Mortg. Corp.*, No. 14-14-00147-CV, 2015 Tex. App. LEXIS 6039, at *4 (Tex. App.—Houston [14th Dist.] June 16, 2015, no pet.) (mem. op.)). "The appellate court has no duty to brief issues for an appellant." *In re A.E.*, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied) (citing *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.)).

An appellate brief "'must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *See Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015) (quoting Tex. R. App. P. 38.1(i)). The failure to provide citations, argument, and analysis as to an appellate issue may waive the issue. *Id.* (citing *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010)).

In this case, Appellant's brief identifies three alleged issues, but the brief fails to identify the applicable law or legal standard for each issue and then also fails to explain how the trial court erred with reference to the record or applicable law. Appellant generally describes what he believes happened at the trial court, complains about the trial court's rulings, and alleges some type of bias of the trial court, but he fails to provide record references, legal citations, and analysis applying the facts to the law. The Appellant's brief fails to satisfy Rule 38.1. His brief generally contains bare assertions of error or allegations, and we conclude that he has presented nothing for review on appeal and waived our review of those complaints. *See Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (bare assertions of error, without argument or authority, present nothing for review on appeal); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Fredonia State Bank v.*

4

*Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) ("a point may be waived due to inadequate briefing[]").

To the extent Appellant's brief asserts a claim that he was denied the effective assistance of counsel, we have previously explained that "'[t]he doctrine of ineffective assistance of counsel does not extend to most civil cases, including divorce cases.'" *Jackson v. Jackson*, No. 09-16-00189-CV, 2018 Tex. App. LEXIS 1908, at **1-2 (Tex. App.—Beaumont Mar. 15, 2018, no pet.) (mem. op.) (quoting *Sherwood v. Sherwood*, No. 09-15-00133-CV, 2016 Tex. App. LEXIS 1939, at *2 (Tex. App.—Beaumont Feb. 25, 2016, no pet.) (mem. op.)); *Blair v. McClinton*, No. 01-11-00701-CV, 2013 Tex. App. LEXIS 8048, at *8 (Tex. App.—Houston [1st Dist.] July 2, 2013, pet. denied) (mem. op.); *see also Chrisman v. Chrisman*, 296 S.W.3d 706, 707 (Tex. App.—El Paso 2009, no pet.).

We overrule all of Appellant's issues, we affirm the judgment of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on March 4, 2021
Opinion Delivered March 18, 2021

Before Golemon, C.J., Horton and Johnson, JJ.

5