

IN THE
TENTH COURT OF APPEALS

_____

No. 10-20-00237-CV

IN RE H&S HOKE RANCH, LLC

_____

Original Proceeding

From the County Court at Law
Walker County, Texas
Trial Court No. 12831CV

## DISSENTING OPINION

H&S Hoke Ranch, LLC (Hoke) seeks a writ of mandamus compelling the trial court to set aside an order denying its plea to the jurisdiction and motion to transfer. Because I would deny the petition for writ of mandamus, I respectfully dissent.

Breviloba, LLC filed an eminent domain action in the county court at law to acquire pipeline easements across Hoke's property. Hoke filed counterclaims alleging damages in excess of $200,000. After two years of litigation and a few adverse rulings from the trial court, Hoke sought a transfer of the case to the district court. It is from the

trial court's order denying the transfer that Hoke seeks relief.

Section 25.0003 of the Government Code provides that:

(c) *In addition to other jurisdiction provided by law*, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in:

> (1) civil cases in which the matter in controversy exceeds $500 but does not exceed $200,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition;

TEX. GOV'T CODE ANN. § 25.0003 (c) (Emphasis added).[1]

Section 25.0003 specifically provides the jurisdiction granted to statutory county courts, subject to certain specific limitations, and "in addition to other jurisdiction provided by law." For those cases where jurisdiction is not otherwise provided by law, the limits of Section 25.0003 apply. Therefore, the limits on the amount in controversy set out in Section 25.0003 of the Texas Government Code apply only to civil cases in which jurisdiction is not otherwise provided by law.

In eminent domain actions, Section 21.001 of the Texas Property Code provides the "other jurisdiction" envisioned in Section 25.0003. Section 21.001 states that "district courts and county courts at law have concurrent jurisdiction in eminent domain cases." TEX. PROP. CODE ANN. § 21.001. Section 21.001 of the Texas Property Code provides the county court at law jurisdiction over eminent domain actions without limitation as to the

---

[1] For cases filed on or after September 1, 2020, the limit is $250,000. TEX. GOV'T CODE ANN. § 25.0003; 2019 Tex. Sess. Law Serv. Ch. 696 (S.B. 2342).

amount in controversy. As a result, the jurisdictional limits of Section 25.0003 of the Texas Government Code do not control the eminent jurisdiction created by Section 21.001 of the Texas Property Code.

Section 21.002 of the Texas Property Code provides:

> If an eminent domain case is pending in a county court at law and the court determines that the case involves an issue of title or any other matter that cannot be fully adjudicated in that court, the judge shall transfer the case to a district court.

TEX. PROP. CODE ANN. § 21.002. There is no issue of title in this proceeding. Hoke argues, and the majority agrees, that because its' counterclaims are in excess of the trial court's jurisdictional limits, the counterclaims are a "matter that cannot be fully adjudicated in that court." I disagree. As previously discussed, Section 21.001 of the Texas Property Code provides the county court at law with jurisdiction of eminent domain cases without limitation as to the amount in controversy. Therefore, this case does not involve a matter that cannot be fully adjudicated in the county court at law. The Legislature could have included language in Section 21.002 specifically providing that eminent domain cases with an amount in controversy over $200,000 shall be transferred to the district court, but chose not to do so. It is a well-settled rule of statutory construction that every word of a statute must be presumed to have been used for a purpose, and those excluded must be presumed to have been likewise excluded. *In re A.A.G.*, 303 S.W.3d 739, 740 (Tex. App. — Waco 2009, no pet.).

In reading Sections 21.001 and 21.002 of the Texas Property Code and Section

25.0003 of the Texas Government Code together, a finding that the county court at law has concurrent jurisdiction with the district court on eminent domain cases without limitation or jurisdictional amount qualifier gives effect to all provisions. To find otherwise allows litigants to do exactly what Hoke did in this case, wait and see how the trial court rules on certain issues and, if those rulings are unfavorable, file a counterclaim in excess of the jurisdictional amount to have the case removed to the district court. This interpretation would allow a type of "forum shopping" the legislature has gone great lengths to prevent in other causes of action.

Because I agree with the trial court's order denying Hoke's plea to the jurisdiction and motion to transfer, I would deny the petition for writ of mandamus. Because the Court conditionally grants the petition for writ of mandamus, I respectfully dissent.

JOHN E. NEILL
Justice

Dissenting opinion delivered and filed May 28, 2021

